*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*Ty D. Frankel (027179)*
tfrankel@bffb.com

*Law Offices of*
**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, P.C.**
*600 W. Broadway, Suite 900*
*San Diego, California 92101*
*Telephone: (619) 756-7748*
*Patricia N. Syverson (020191)*
psyverson@bffb.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra L. White, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Legacy Inn & Suites, LLC, dba Best Western Legacy Inn & Suites, an Arizona limited liability company,<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Sandra L. White ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendant Legacy Inn & Suites, LLC dba Best Western Legacy Inn & Suites ("Legacy Inn & Suites" or "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Arizona wage laws, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-363 *et seq.* (collectively the "Arizona Wage Statute").

- 1 -

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and all other similarly situated non-exempt employees paid on an hourly basis by Defendant who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek and unpaid minimum wage, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated non-exempt employees paid on an hourly basis by Defendant within the state of Arizona, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Arizona Wage Statute, A.R.S. § 23-350 *et seq*. and A.R.S. § 23-362 *et seq*.

3. Plaintiff further alleges on her own behalf, pursuant to FLSA, 29 U.S.C. § 215(a)(3) and 216(b), and A.R.S. § 23-364, that she is entitled to reinstatement, lost wages, and damages, including liquidated and statutory damages, fees, and costs for Defendant's unlawful retaliation against her resulting from her complaints about unpaid overtime and minimum wage.

**JURISDICTION AND VENUE**

4. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The state and federal claims derive from a common nucleus of operative fact, the state law claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

7. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving rise to this Complaint occurred in this District.

8. At all relevant times, Defendant has been an "employer" and "person" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203 and 215(a)(3).

9. Plaintiff and the other similarly situated hourly employees are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), A.R.S. § 23-362(A), and are non-exempt employees and/or employees entitled to overtime and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, and A.R.S. § 23-362.

10. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), and A.R.S. § 23-362(B).

11. At all relevant times, Defendant employed non-exempt employees paid by Defendant on an hourly basis in Arizona, including Plaintiff Sandra L. White and those persons similarly situated to Plaintiff who are members of the putative collective action and class action classes.

12. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

**PARTIES**

13. Defendant Legacy Inn & Suites, LLC is an Arizona limited liability company that does business as a Best Western hotel franchise in Mesa, Arizona.

14. Legacy Inn & Suites provides hotel accommodations to guests at its Mesa, Arizona location.

15. Plaintiff Sandra L. White was, at all relevant times, an individual residing in Queen Creek, Arizona.

16. At all relevant times, Plaintiff White was employed by Legacy Inn & Suites in Mesa, Arizona, as a Cook and Driver, which were non-exempt positions that paid an hourly rate of $11 per hour. Plaintiff White's Consent to Become a Party Plaintiff and Opt-In to Lawsuit pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff White brings Counts I and II, the FLSA unpaid overtime claim and FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated employees of Defendant:

> All non-exempt hourly employees, regardless of actual title, who worked for Defendant during the last three years ("Off-the-Clock Collective Action Members").

18. Plaintiff, on behalf of herself and all other similarly situated hourly, non-exempt employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay its employees overtime and the minimum wage for all hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs to the collective action may be determined from Defendant's records and potential Collective Action Members may easily and quickly be notified of the pendency of this action.

19. Plaintiff is similarly situated to the Off-the-Clock Collective Action Members because they all are subject to similar payroll policies and procedures. Defendant requires the similarly situated Off-the-Clock Collective Action Members to work overtime but fails to pay them the overtime rate of one and one half their regular hourly rate of pay for hours worked over forty in a workweek. Defendant also requires the similarly situated Off-the-Clock Collective Action members to work hours for which they are not paid, causing their wages to fall below the minimum wage required by law. The Off-the-Clock Collective Action Members are also similarly situated because they all utilize Defendant's time recording and reporting practices and are subject to similar pay practices and job duties.

20. Defendant's overtime and minimum wage practices were routine and consistent. Throughout the relevant time period over the past three years, the Off-the-Clock Collective Action Members regularly were not paid the proper overtime and minimum wage.

21. Plaintiff and the Off-the-Clock Collective Action Members performed the same or similar job duties. Moreover, they regularly worked more than forty hours in a workweek and had their hours deducted by Defendant. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

22. Defendant's failure to pay overtime and minimum wage compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the other non-exempt hourly employees employed by Defendant.

23. The Off-the-Clock Collective Action Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40) per workweek and the minimum wage. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

24. Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings Counts III and IV, the Arizona Wage Statute unpaid wage claims, as a Rule 23 class action on behalf of herself and the following persons:

> All hourly non-exempt employees, regardless of actual title, who worked for Defendant during the last three years at client sites in Arizona ("Arizona Class Members").

26. Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

27. Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty Arizona Class Members.

28. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

   a. whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute;

   b. whether Defendant owes the Arizona Class Members wages in exchange for all work performed;

   c. whether Defendant owes the Arizona Class Members the minimum wage;

   d. whether Defendant is liable for damages under the Arizona Wage Statute, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

29. Plaintiff's claims under Arizona state law are typical of those of the Arizona Class Members' in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

30. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

31. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

32. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class and collective action.

## STATEMENT OF FACTS

33. Legacy Inn & Suites is an "employer" within the meaning of the FLSA and the Arizona Wage Statute.

34. Plaintiff was hired in January 2019 by Legacy Inn & Suites as a non-exempt employee paid on an hourly basis, to perform duties as a Cook and Driver.

35. Plaintiff began working for Legacy Inn & Suites on January 5, 2019, and Legacy Inn & Suites terminated her as a result of complaints she made about unpaid overtime and minimum wage on June 19, 2019.

36. Plaintiff was employed as a non-exempt, hourly employee working as a Cook and Driver.

37. Plaintiff was paid at an hourly rate of $11.00 per hour, which is the minimum wage required for employees in Arizona in 2019. The minimum wage requirements for employees in Arizona are further outlined in A.R.S. § 23-363.

38. Plaintiff and the other similarly situated employees performed routine labor on behalf of Legacy Inn & Suites, including duties like cooking, cleaning, and driving.

39. While Plaintiff's job duties frequently required her to work in excess of forty (40) hours per workweek, she was routinely denied the overtime rate of time and a half for the overtime she worked.

40. Legacy Inn & Suites had a policy and practice of automatically deducting thirty minutes for lunch each day an employee worked, even though the employees routinely worked through their lunch breaks and should have been compensated for that time.

41. This regular practice of making deductions from Plaintiff's paychecks resulted in Legacy Inn & Suites improperly deducting time which Plaintiff worked.

42. Legacy Inn & Suites also engaged in the regular practice of requiring Plaintiff to work off the clock for which she was not compensated.

43. In addition, Plaintiff and the similarly situated employees tracked their time on handwritten time sheets. However, Legacy Inn & Suites routinely paid them for less hours than what was reflected on their written timesheets, resulting in unpaid wages, unpaid minimum wage, and unpaid overtime.

44. Legacy Inn & Suites engaged in the regular practice of failing to accurately record the time during which it suffered or permitted Plaintiff to work. As such, Legacy Inn & Suite's payroll records understate the duration of time that it suffered and permitted Plaintiff to work during each week of her employment.

45. Defendant had a policy and practice of automatically deducting one half hour per day for lunch, regardless of whether Plaintiff and the similarly situated employees worked through lunch. This resulted in a reduction of their time in the amount of approximately 5 hours per pay period, despite the fact that Plaintiff and the similarly situated employees worked during this time that was deducted and went unpaid.

46. As a result of that policy and practice, Plaintiff and the similarly situated employees routinely worked on average approximately 42.25 during the typical workweek. However, they were only paid $11 per hour for forty hours each week. The automatic

deductions from the time that they worked resulting in unpaid, off-the-clock work caused their wages to fall below the minimum wage for each week during their employment. Defendant also failed to pay them time and a half their regular rate of pay for hours worked over forty in a workweek.

47. As a result of the off the clock work and automatically deducted time, Legacy Inn & Suites failed to compensate Plaintiff minimum wage for all hours worked.

48. For example, Plaintiff's timesheets for the period between March 25, 2019 and April 7, 2019 indicate that she worked 84.30 hours. However, Defendant's payroll records for Plaintiff indicate that she was only paid for 79.25 hours during this pay period at $11 per hour for a total of $871.75. As a result, Plaintiff was not paid for 5.05 hours of work during this pay period, including overtime. In addition, Plaintiff's hourly wage for the hours actually worked was only $10.34 when calculating the amount she was compensated ($871.75) divided by total hours worked (84.30), demonstrating that Legacy Inn & Suites failed to pay her the minimum wage required by law.

49. This is one example of Defendant's pattern and practice of routinely failing to pay non-exempt, hourly employees like Plaintiff the proper overtime rate and minimum wages they are owed, which occurred during the typical week of their employment.

50. The Arizona Wage Statute, A.R.S. §§ 23-363(A), (B), establishes the minimum wage that employers in Arizona must pay their employees.

51. The minimum wage in Arizona is $11 per hour for 2019. When Legacy Inn & Suites deducted time from Plaintiff's paychecks for breaks she worked and required her to work off the clock, it resulted in her wages falling below the minimum wage required.

52. Defendant routinely failed to pay Plaintiff and the similarly situated non-exempt hourly employees time and a half their regular rate of pay for the overtime they were required to work.

53. A significant part, if not all, of this unpaid wages and overtime work is evidenced in Defendant's own payroll, time-recording, and attendance records, most of which are exclusively in Defendant's own possession.

54. Defendant's policy and practice is to willfully deny its hourly, non-exempt employees overtime pay for hours worked beyond forty (40) in a workweek and minimum wage they are due.

55. Defendant failed to timely pay Plaintiff and the similarly situated employees all the wages they were due.

56. On May 15, 2019, Plaintiff resigned her employment effective May 26, 2019, as a result of various issues with management including complaints about her pay.

57. Plaintiff was rehired by Legacy Inn & Suites on June 6, 2019, and the company promised that the issues Plaintiff had resigned over would be corrected.

58. Throughout the entirety of Plaintiff's employment both before and after her resignation, Legacy Inn & Suites reduced Plaintiff's time and required her to work off the clock.

59. In June 2019, Plaintiff complained to Legacy Inn & Suites management about having her paychecks reduced for breaks when she did not take a break, resulting in her not being paid overtime and minimum wage she was due.

60. For example, Plaintiff complained to management on June 9, 2019 regarding Defendant's policy and practice of automatically deducting hours for breaks during which she was required to work, which caused her wages to fall below the minimum wage and caused her to work overtime without receiving time and a half for all hours worked.

61. Plaintiff also complained to management on June 16, 2019 about the unlawful minimum wage and overtime practice of automatically reducing her time for breaks when she had worked.

62. After Plaintiff issued her complaints about the overtime and minimum wage policies and practices with Legacy Inn & Suites management, management stated that she complained too much and terminated her employment on June 19, 2019.

63. Plaintiff was terminated as a direct and proximate result of her having complained about practices resulting in her not receiving overtime and minimum wage she was due.

- 10 -

64. Defendant's adverse employment action against Plaintiff was unlawful retaliation for Plaintiff's complaints about Defendant's unlawful minimum wage and overtime pay practices.

65. Defendant's adverse employment actions were malicious and punitive in nature and caused Plaintiff both economic and non-economic damages, including lost wages, emotional distress, embarrassment, and other damages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

66. Plaintiff, on behalf of herself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

67. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

68. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

69. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

70. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

71. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

72. The work was performed at Defendant's direction and/or with Defendant's knowledge.

73. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including time and a half for all hours accrued beyond forty (40) hours in a workweek.

74. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

75. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated non-exempt hourly employees, regardless of actual title, who worked for Defendant during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b. Designate Plaintiff White as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

    c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

    d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

    e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT II**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

76. Plaintiff, on behalf of herself and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

77. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. §§ 201, *et seq*.

78. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

79. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated minimum wage according to the FLSA.

80. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

81. Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Off-the-Clock Collective Action Members the minimum wage as required by the FLSA.

82. The work was performed at Defendant's direction and/or with Defendant's knowledge.

83. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all the minimum wage due.

84. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

85. As a result of the aforesaid willful violations of the FLSA's minimum wage pay provisions, Defendant has unlawfully withheld minimum wages from Plaintiff and the

Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including minimum wage compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a.    Certify the claim set forth in Count II above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated non-exempt hourly employees, regardless of actual title, who worked for Defendant during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b.    Designate Plaintiff White as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

    c.    Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law;

    e.    Award Plaintiff and all similarly situated employees attorneys' fees and costs as allowed by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

86.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT III**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

87. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

88. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

89. Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by A.R.S. § 23-363.

90. Defendant was an employer pursuant to A.R.S. § 23-362(B).

91. Defendant is aware that, under A.R.S. §§ 23-363, it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members.

92. Defendant failed to pay Plaintiff and the Arizona Class Members minimum wage due without a good faith basis for withholding wages.

93. Defendant has willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

94. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff White as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

d. Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT IV
## FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)

95. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

96. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

97. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

98. Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to timely pay all wages due to Plaintiff and the Arizona Class Members.

99. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

100. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

101. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

1      a.    Certify the state law claim set forth in Count IV above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      b.    Designate Plaintiff White as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

      c.    Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

      d.    Award Plaintiff and all similarly situated employees prejudgment and post-judgment interest as provided by law; and

      e.    Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

### COUNT V
### FLSA RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)
**(Brought Against Defendant by Plaintiff Individually)**

102. Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

103. The FLSA prohibits any person from discharging or in any other manner discriminating against any employee who complains of a violation of the act or causes to be instituted any proceeding under or related to the act.

104. Plaintiff engaged in protected activity when she complained to Defendant about its unlawful failure to pay overtime and minimum wage owed pursuant to the FLSA.

105. As a direct and proximate result of Plaintiff's complaints about Defendant's unlawful overtime and minimum wage practices, Plaintiff was terminated.

106. There is a causal connection between Plaintiff engaging in the protected activity and Defendant's adverse employment action in that but for the Plaintiff engaging in the protected activity, Defendant would not have terminated Plaintiff's employment.

107. Plaintiff's protected activity was a motivating factor in the decision by Defendant to terminate Plaintiff.

108. Defendant's actions were punitive, malicious, and in direct retaliation for her complaints of FLSA violations.

109. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, emotional distress, embarrassment, and other economic and non-economic losses.

110. Defendant's conduct in taking adverse action against Plaintiff's employment was done with ill will, spite, malice, for the purpose of injuring Plaintiff and with a complete indifference of Plaintiff's rights.

111. Defendant's conduct in taking adverse action toward Plaintiff's employment harmed Plaintiff and was malicious, oppressive or in reckless disregard of her rights. Defendant therefore should be required to respond to Plaintiff in the form of a punitive or exemplary damage award under federal law.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

    a. Order Defendant to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Defendant removed her;

    b. Award Plaintiff lost wages and non-economic damages flowing from Defendant's unlawful retaliation, plus an equal amount in liquidated damages and attorneys' fees and costs, compensatory and punitive damages;

    c. Award Plaintiff prejudgment and post-judgment interest as provided by law; and

    d. Award Plaintiff such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT VI**
**Retaliation Under the Arizona Minimum Wage Act, A.R.S. § 23-364**
**(Brought Against Defendant by Plaintiff Individually)**

112. Plaintiff, on behalf of herself, reasserts the allegations set forth in the above paragraphs.

113. At all relevant times, Plaintiff was an employee under A.R.S. § 23-362 *et seq*.

114. At all relevant times, Legacy Inn & Suites was Plaintiff's employer under A.R.S. § 23-362 *et seq.*

115. A.R.S. § 23-364 (B) makes it unlawful for employers to retaliate against employees for seeking to enforce their rights to minimum wage, or for informing or assisting another in enforcing their rights to minimum wage, and it establishes a rebuttable presumption that the employer engaged in unlawful retaliation if adverse action was taken against an employee within 90 days of asserting a claim or right to minimum wage.

116. Legacy Inn & Suites failed to pay Plaintiff minimum wage she was due, and retaliated against her by terminating her employment within a few days and well within 90 days of when Plaintiff raised complaints about unpaid overtime and minimum wage to management.

117. Legacy Inn & Suites violated A.R.S. § 23-364 by terminating Plaintiff's employment in retaliation for asserting her minimum wage rights under A.R.S. § 23-362 *et seq.*

118. As a direct result of Legacy Inn & Suite's conduct described herein, Plaintiff has suffered emotional distress, reputational harm, lost income in the form of past, present, and future wages and benefits, and other monetary and non-monetary benefits due.

119. As a direct result of Legacy Inn & Suite's conduct described herein, Plaintiff is entitled to recover damages sufficient to compensate her for the harm suffered and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final.

WHEREFORE, Plaintiff demands judgment against Defendant and prays this Court:

a. Order Defendant to reinstate Plaintiff's employment to a reasonably comparable employment position with comparable pay from which Defendant removed her;

b. Award Plaintiff statutory damages under A.R.S. § 23-364(G);

c. Award Plaintiff lost wages and non-economic damages flowing from Defendant's unlawful retaliation, plus statutory damages and attorneys' fees and costs;

      d.    Award Plaintiff prejudgment and post-judgment interest as provided by law; and

      e.    Award Plaintiff such other relief as this Court deems fair and equitable, including injunctive relief.

**DEMAND FOR JURY TRIAL**

120.    Plaintiff hereby demands a jury trial on all claims for which she may have the right to a jury.

DATED: November 6, 2019.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/Ty D. Frankel
Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
Facsimile: (602) 798-5860

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Patricia N. Syverson
600 W. Broadway, Suite 900
San Diego, California 92101

Attorneys for Plaintiff